IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERNATIONAL HEALTH
TECHNOLOGY COMPANY, LLC,

                Plaintiff,

          v.

RIPPLE NETWORK TECHNOLOGIES,
INC.,

                Defendant.

Civil Action No. 22-cv-00853-GBW

---

## MEMORANDUM ORDER

Plaintiff International Health Technology Company, LLC ("IHT") filed a complaint (D.I. 1) alleging infringement of its U.S. Patent No. 7,486,194 (the "'194 patent") by Ripple Network Technologies, Inc. ("Ripple"). IHT served Ripple on June 27, 2022. D.I. 9, ¶ 2; D.I. 9-1, Ex. 1. Ripple did not file a responsive pleading. IHT sought an entry of default, which the Clerk of Court entered. D.I. 9, 12. IHT filed a motion for Default Judgment and requested the Court permit it to conduct discovery to make a showing of damages. D.I. 14. The Court granted these motions. D.I. 15. IHT timely issued discovery requests to both Ripple and third-party Amazon. D.I. 18 at 1-2. Ripple never responded and Amazon was unable to provide relevant data. *Id.* IHT requested the Court forgo the Rule 55 hearing on damages and indicated that it would instead seek an injunction. *Id.* The Court granted IHT's request for leave to file an injunction and waived the Rule 55 hearing. D.I. 19. IHT has now filed a motion for a permanent injunction. D.I. 21. For the reasons stated below, the Court grants IHT's motion.

## I.    LEGAL STANDARD

Courts may "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  A party seeking a permanent injunction must demonstrate (1) irreparable injury; (2) inadequacy of remedies available at law, such as monetary damages; (3) the balance of the hardships between plaintiff and defendant warrants granting a remedy; (4) the public interest is not harmed by an injunction. *eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 393 (2006).  After entry of default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I Inc. v. Corbin*, 908 F.2d 1142, 1149 3d Cir. 1990).  "By failing to answer the Complaint, Defendant is deemed to have admitted that he deliberately and willfully infringed the Patents." *Mentor Grp., LLC v. Wu*, No. 09-874, 2010 U.S. Dist. LEXIS 57970, 2010 WL 2363511, at *3 (M.D. Fla. May 19, 2010).

## II.    DISCUSSION

Irreparable injury and inadequacy of remedies available at law are frequently analyzed together. *See, e.g.*, Q*uizno's Master v. Kadriu*, No. 04 C 4771, 2005 U.S. Dist. LEXIS 7626, at *14-15 (N.D. Ill. Apr. 4, 2005) ("If no adequate remedy exists for the harm that has occurred, then the harm is irreparable.").  Ripple's failure to appear in this action has prevented IHT from discovering the extent of its injury and damages.  D.I. 18 at 1.  Ripple's "non-response to Plaintiff's cease and desist letter, and its failure to appear in this action, have irreparably harmed Plaintiff and demonstrate the inadequacy of a remedy at law." *Innovative Office Prods. v. Amazon. Com, Inc.*, No. 10-4487, 2012 U.S. Dist. LEXIS 59090, at *16-17 (E.D. Pa. Apr. 26, 2012); *see also Hydreon Corp. v. JC Bros.*, No. 15-cv-01917 (SRN/JSM), 2016 U.S. Dist. LEXIS 160545, at *24 (D. Minn. Nov. 18, 2016) ("Irreparable harm is also present because Plaintiff's ability to accurately assess

the magnitude of losses from infringing conduct has been stymied by Defendant's failure to appear."). Ripple's refusal to appear and participate has rendered monetary damages inadequate. Accordingly, the first two factors favor granting an injunction.

The balance of private hardships also favors granting an injunction. "Defendants have failed to appear in this action and, thus, failed to assert defenses or hardship." *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, No. 2:7-cv-00516-GMN-GWF, 2019 U.S. Dist. LEXIS 55583, at \*12–13 (D. Nev. Mar. 6, 2019). "There is nothing in the record to indicate that granting a permanent injunction that Plaintiff requests would seriously damage [Defendant's] business. [Defendant] could continue to sell other products." *Innovative Office Prods.*, 2012 U.S. Dist. LEXIS 59090, at \*17 (granting a permanent injunction on a similar record). Even if Ripple were unable to sell other products, "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). On the other hand, as discussed above, Plaintiff would suffer irreparable harm in the absence of a permanent injunction. This factor, therefore, favors entry of a permanent injunction.

The public interest favors granting an injunction. "[D]enying an injunction would harm the public's interest in having patent rights enforced and protected." *Innovative Office Prods.*, 2012 U.S. Dist. LEXIS 59090, at \*18. There is a strong public interest in preventing parties from ignoring litigation, so courts "regularly issue injunctions as part of default judgments." *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003). There has been no showing that the public would be adversely affected if an injunction is granted. This factor, therefore, favors a permanent injunction.

Because all four factors favor the granting of a permanent injunction, the Court grants IHT's motion.

Therefore, at Wilmington this 2nd day of October 2023, **IT IS HEREBY ORDERED** that Plaintiff International Health Technology Company, LLC's ("IHT") Motion for Permanent Injunction (D.I. 20). against Defendant Ripple Network Technologies, Inc. ("Ripple"), is **GRANTED.**

Ripple, and its principals, officers, directors, employees, affiliates, agents, successors, and assigns, are hereby permanently **ENJOINED** and **RESTRAINED** from making, using, selling or offering for sale within the United States, or importing into the United States, any product (including, but not limited to, the Ripple System described in IHT's Complaint (D.I. 1)) that infringes any of the claims of United States Patent No. 7,486,194 ("the '194 Patent"), through the expiration date of the '194 Patent.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE